FILED
SUPERIOR COURT
OF GUAM

2012 JUN 25 AM 8: 50

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM** | ) **CRIMINAL CASE NO. CF253-12** |
| | ) |
| | ) |
| | ) |
| **vs.** | ) **DECISION AND ORDER** |
| | ) **(Defendant's Motion to Dismiss & Motion** |
| | ) **to Prohibit Use of Evidence in Violation of** |
| | ) **Confrontation Clause Provision of the** |
| | ) **Sixth Amendment)** |
| **JUAN JOSE TORRES,** | ) |
| **DOB: 08/27/1966** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on Defendant's Motion to Dismiss and Motion to Prohibit Use of Evidence in Violation of Confrontation Clause Provision of the Sixth Amendment. Oral arguments were heard on May 16, 2012. Attorney F. Randall Cunliffe represented Juan Jose Torres ("Defendant") and Assistant Attorney General Elizabeth S. Vasiliades appeared on behalf of the Government. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

### BACKGROUND

On April 18, 2012, Defendant was indicted on the following charges: (1) Third Degree Criminal Sexual Conduct (As a 2nd Degree Felony) **4 counts** (2) Assault with Intent to Commit Criminal Sexual Conduct (As a 3rd Degree Felony) **2 counts** and (3) Felonious Restraint (As a 3rd Degree Felony) **2 counts**. A Warrant of Arrest was issued on the same day along with bail

People of Guam v. Juan Jose Torres (CF253-12)          Page 1 of 9
Decision and Order – Defendant's Motion to Dismiss & Motion to Prohibit Use of Evidence in Violation of Confrontation Clause
Provision of the Sixth Amendment

affixed at $75,000. Defendant was committed to the Department of Corrections pending the posting of bail.

On April 25, 2012, Defendant was arraigned where he plead not guilty. Defendant asserted his right to a speedy trial and requested for a jury of twelve persons. <u>Assertion or Waiver of Speedy Trial</u> (Apr. 26, 2012) and <u>Request for Jury of Twelve (12) Persons</u> (May 2, 2012). Accordingly, the Court scheduled a Criminal Trial Setting for April 30, 2012 and subsequently issued a Scheduling Order setting jury selection and trial date for 2 p.m. on June 4, 2012. <u>Scheduling Order</u> (May 2, 2012).

As per the deadlines set out in the Scheduling Order, Defendant filed two motions on May 2, 2012. The Government also filed a notice of intent to introduce prior bad acts pursuant to 6 GCA § 413.[1] On May 9, 2012, the Government filed its Opposition to Defense Motion in Limine to Exclude Statements[2]. The Government also filed its Opposition to Defense's Motion to Dismiss. Defendant filed his reply to relative to the Government's opposition to both motions on May 14, 2012.

On May 16, 2012, oral arguments on Defendant's motions were heard. The Court took the matter under advisement and now issues this Decision and Order.

## DISCUSSION

### Motion to Dismiss

Defendant moves the Court to dismiss the Indictment contending that the Government did not act in good faith when it moved to dismiss CF529-10. In CF529-10, Defendant was indicted on September 14, 2010, charged with the following: (1) Family Violence (As a 3rd

---

[1] The 2006 Guam Rules of Evidence were adopted by the Supreme Court of Guam in Promulgation Order No. 06-001 on January 6, 2006. The old rules were repealed by P.L. 28-138 on July 11, 2006.
[2] Although the Government labels its opposition an Opposition to Defense Motion in Limine, the Court notes that Defendant's second motion is not a motion in limine. Rather, it was timely filed pursuant to the Scheduling Order and is deemed a substantive motion as Defendant labled it.

Degree Felony) **2 counts** (2) Family Violence (As a 3rd Degree Felony) **2 counts** (3) Assault (As a Misdemeanor) **2 counts** (4) First Degree Criminal Sexual Conduct (As a 1st Degree Felony) (5) Second Degree Criminal Sexual Conduct (As a 1st Degree Felony) (6) Third Degree Criminal Sexual Conduct (As a 2nd Degree Felony) (7) Attempted Criminal Sexual Conduct (As a 2nd Degree Felony) and (8) Assault with Intent to Commit Criminal Sexual Conduct (As a 3rd Degree Felony) **2 counts**. Defendant asserted on December 16, 2010 and that case was eventually dismissed at the request of the Government on January 27, 2011, "so it can get evidence tested." Def's Memo of Law in Support of Motion to Dismiss at 3 (May 2, 2012). On that basis, Defendant argues that his trial in the case at hand should have begun within three days of his arraignment on April 25, 2012. Id. at 4 (May 2, 2012).

Conversely, the Government argues that in the instant case, as in *People v. Flores*, 2009 Guam 22, "the first indictment is different than the second indictment in the crimes charged." Further, the Government contends that a new indictment containing new charges is different than a superseding indictment and that Guam statutory law does not contemplate the same tolling, starting, and stopping of the trial clock as the federal statutory scheme with a different statutory analysis. People's Opposition to Defense Motion to Dismiss at 6 (May 9, 2012).

The prosecuting attorney may with leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant. The prosecuting attorney shall file a statement of his reasons for seeking dismissal when he applies for leave to file a dismissal and where leave is granted the court's order shall set forth the reasons for granting such leave." *People v. Rios*, 2008 Guam 22 ¶ 24 (citing 8 GCA §80.70).

Decision and Order – Defendant's Motion to Dismiss & Motion to Prohibit Use of Evidence in Violation of Confrontation Clause Provision of the Sixth Amendment

The Supreme Court of Guam enunciated in *Flores* that Guam's statutory nolle prosequi power under section 80.70 was formerly found in section 1385 of the Guam Penal Code, adopted directly from California. The California courts have held that the statutory time period for speedy trial restarts when a new indictment is filed. *Flores*, 2009 Guam 22 ¶ 27.

Moreover, the Supreme Court of Guam "find[s] that where an indictment is dismissed nolle prosequi under section 80.70, and a defendant is reindicted for the same charges, the period for starting a trial as prescribed under section 80.60 restarts when the subsequent indictment is filed." *Id.* ¶ 28. In view of this, the Supreme Court went on to say that "[t]he prosecutor must act in 'good faith' or in a manner that neither evades nor circumvents the requirements of the statute or rule setting a deadline for trial." *Id.* "What constitutes good cause for the delay of a criminal trial is a matter that lies within the discretion of the trial court." *Id.* at ¶ 32 (citing *People v. Johnson*, 606 P.2d 738, 746 (Cal. 1980)). "[Delay] arising from unforeseen circumstances, such as unexpected illness or unavailability of counsel or witness constitutes good cause to avoid dismissal." *Id.*

In the instant case, Defendant asserted his right to a speedy trial in CF529-10 on December 16, 2010. That case was dismissed on January 27, 2011, at the request of the Government. The time between Defendant's assertion and the dismissal amounted to a total of forty-two days. Absent good cause for the earlier dismissal, Defendant would have had three days remaining. However, as pronounced in the *Flores* case, the period for starting a trial as prescribed under section 80.60 restarts when the subsequent indictment is filed. Likewise, because a new indictment was handed down, the statutory right to a speedy trial clock begins anew upon Defendant's assertion in the new case. Consequently, Defendant was arraigned in the case at bar on April 25, 2012 where he asserted his right to a speedy trial. In light of

Defendant's incarceration, he should be brought to trial within the prescribed forty five days from April 25, 2012, pursuant to 8 GCA § 80.60 (a)(2). That provision in the Criminal Procedure Code reads:

(a) Except as otherwise provided in Subsection (b), the court shall dismiss a criminal action if:
(2) The trial of a defendant, who is in custody at the time of his arraignment, has not commenced within forty-five (45) days after his arraignment;

8 GCA § 80.60 (a)(2).

The remaining issue for the Court to consider is whether the dismissal in CF529-10 was grounded on good cause from the prosecution. As articulated above, "[w]hat constitutes good cause for the delay of a criminal trial is a matter that lies within the discretion of the trial court." *Flores*, 2009 Guam 22 ¶ 32. Defendant cites to *State v. Price*, 868 A. 2d 252 (2005), which "found that the dismissal just days before trial because DNA testing were not back was not a dismissal done in good faith but was, in fact, action that was intended to evade the requirements of the rule or statute setting a deadline for trial." Def's Memo of Law in Support of Motion to Dismiss at 1-2 (May 2, 2012). Defendant cites to another Maryland Court of Appeals case, *Ross v. State*, 700 A.2d 282 (1997), which involved laboratory test results not being available as the grounds for a dismissal. In that case, the Court of Special Appeals of Maryland found that the re-filing did not start a new speedy trial clock.

The Government responds to Defendant's citations stating: "[w]hile Maryland Courts may have interesting case law they are not the law of Guam." People's Opposition to Defense Motion to Dismiss at 6 (May 9, 2012).

The Court recognizes the holding in *Flores* which expresses in pertinent part: where an indictment is dismissed nolle prosequi under section 80.70, and a defendant is reindicted for the same charges, the period for starting a trial as prescribed under section 80.60 **restarts** when the

subsequent indictment is filed." *Flores,* 2009 Guam 22 ¶ 28. Furthermore, the Court recognizes that "[t]he prosecutor must act in 'good faith' or in a manner that neither evades nor circumvents the requirements of the statute or rule setting a deadline for trial." *Id.*

This Court notes that CF529-10 was dismissed without prejudice by the Family Violence Court at the request of the Government on January 27, 2011. While Defendant contends that the pendency of DNA results does not constitute good cause for delay as cited in the two Maryland cases, "[the determination of] what constitutes good cause for delaying a criminal trial is a matter that lies within the trial court's discretion. *Flores,* 2009 Guam 22 at ¶ 32 (citing *People v. Johnson,* 606 P.2d 738, 746 (Cal. 1980).

In *People v. Atoigue,* the court held that the "delay became necessary when Guam discovered that the FBI would be unable to perform DNA tests, thereby making it necessary to hire an alternate laboratory." There was no evidence in that case to suggest that the Government acted in bad faith or without due diligence. *Id. People v. Atoigue,* No. CR91-00095A-BHM, 1994 WL 477518, at *3 (9th Cir. 1994). "Other jurisdictions similarly have accepted some delay in order to ensure the most accurate judgment scientifically possible, specifically with respect to DNA evidence. See *State v. Stroud,* 459 N.W. 2d 332, 335 (1990) (holding that a delay to obtain DNA testing meets the good cause standard when the reason for the delay was outside the state's control, the DNA evidence was essential to the State's case, and the defendant failed to prove that he would suffer legally recognizable prejudice by the delay)." *Glover v. State,* 792 A. 2d 1160, 1169 (Md. 2002). In short, *Glover* articulated that "while minor delays in obtaining DNA evidence will not be weighed heavily against the State, nor against a defendant seeking his or her own DNA analysis, delays likely will not be tolerated upon clear demonstrations of a failure to monitor or aggressively pursue the attainment of these

results. *Id.* Upon review of this case, the Court does not second-guess the Family Violence Court's dismissal of CF529-10 at the request of the Government and finds that good cause was shown.

For these reasons, the Court DENIES Defendant's Motion to Dismiss.

**Motion to Prohibit Use of Evidence in Violation of Confrontation Clause Provision of the Sixth Amendment**

Defendant moves the Court to prohibit the testimony of any witness regarding statements allegedly made by the victim, Chantal Torres, until after Ms. Torres has testified. Def's Memo of Law in Support of Motion to Prohibit use of Evidence in Violation of Confrontation Clause Provision of the Sixth Amendment at 4 (May 2, 2012). Conversely, the Government argues that "the note left at the family home, statements (victim made) to her younger sister, statements made to Guam Police Department officers, statements made to medical personnel during the Healing Hearts examination, and statements made to (victim's) pastor before her departure involuntarily from Guam are non-testimonial statements and are admissible pursuant to Crawford, Davis and subsequent cases" People's Opposition to Defense Motion in Limine to Exclude Statements at 6 (May 9, 2012). The Government further argues that "even if the statements are found to be testimonial by the trial court, the current case law from Crawford, Davis, and Giles does not prohibit a finding of forfeiture by wrongdoing exception to the Confrontation Clause of the Sixth Amendment. *Id.* at 8.

The Court agrees with Defendant that the Sixth Amendment of the United States Constitution provides the accused the right to be confronted with the witnesses against him. In view of this, out-of-court statements by witnesses that are testimonial are barred, under the Confrontation Clause, unless witnesses are unavailable and defendants had prior opportunity to

cross-examine witnesses, regardless of whether such statements are deemed reliable by court; where testimonial statements are at issue, only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes. *Crawford v. Washington*, 541 U.S. 36 (2004).

In the Court's review of the victim's note left at the home, statements she made to her younger sister, statements made to Guam Police Department officers, statements made to Healing Hearts, and statements made to her pastor, the Court is concerned that these statements are primarily out of court statements used for the truth of the matter asserted. Given there are exceptions which could allow such evidence to come in, the Court is not convinced at this time that any exception is relevant. Until such time that the Government can produce the victim in order to allow Defendant the opportunity to cross-examine her, and in conformity with the Confrontation Clause, such statements will be prohibited. The aforementioned witnesses can still take the stand, however, their statements will be limited in the sense that they do not speak directly on what the victim had said to them.

Accordingly, the Court Grants Defendant's Motion to Prohibit the Use of Evidence in Violation of Confrontation Clause of the Sixth Amendment.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

By a preponderance of the evidence and based on the foregoing reasons, the Court Denies Defendant's Motion to Dismiss and Grants Defendant's Motion to Prohibit the Use of Evidence in Violation of Confrontation Clause of the Sixth Amendment.

**SO ORDERED** this _25_ day of June, 2012.

A Further Proceedings is set for June 26, 2012, at 9 a.m.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

JUN 2 5 2012

Amanda D. Quitariano
Deputy Clerk, Superior Court of Guam

People of Guam v. Juan Jose Torres (CF253-12)          Page 9 of 9
Decision and Order – Defendant's Motion to Dismiss & Motion to Prohibit Use of Evidence in Violation of Confrontation Clause
Provision of the Sixth Amendment